## **AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT**

I, E. Clay Townshend, being duly sworn, do hereby depose and state:

### **INTRODUCTION AND AGENT BACKGROUND**

1. This affidavit is submitted in support of an application pursuant to Federal Rule of Criminal Procedure 41 for a warrant authorizing the search of the person of Kevia Charisse PRICE, a/k/a "Kevia Charisse Spivey," a/k/a "Kevia Charisse Spivey-Price," of Hagerstown, Maryland, born in September 1975 (the "**Target Location**"), further described in Attachment A, for buccal or oral swabs in sufficient quantity for scientific testing as it relates to deoxyribonucleic acid ("DNA"), further described in Attachment B.

2. I submit that, pursuant to the facts set forth in this affidavit, there is probable cause to believe that PRICE has committed a violation of 21 U.S.C. § 841 (possession with intent to distribute a controlled substance), and that evidence of this offense will be found in the **Target Location**.

3. I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), where I have been employed since 2005. I am presently assigned to the High Intensity Drug Trafficking Area ("HIDTA") group in Frederick, Maryland, where I am responsible for conducting criminal investigations involving drug trafficking, drug smuggling, and money laundering violations.

4. I have participated in the execution of search and arrest warrants in connection with the above-mentioned investigations. During the course of my career, I have also engaged in the following investigative techniques: interviewing informants and cooperating witnesses; conducting physical surveillance; conducting short- and long-term undercover operations; consensually monitoring and recording both telephonic and non-telephonic communications;

1

analyzing telephone pen register and caller identification system data; conducting court-authorized electronic surveillance, including wire interceptions; and preparing and executing search warrants that have led to seizures of narcotics, firearms, and other contraband. I have authored numerous search and seizure warrants that led to the seizure of contraband. I have also made or participated in numerous arrests for narcotics-related offenses.

5. I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7). As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

6. The information set forth in this affidavit is based on my own observations and review of documents, or reliable information provided to me by other law enforcement personnel. I am setting forth only those facts and circumstances necessary to establish probable cause for the issuance of the requested warrant. Unless otherwise indicated, all written and oral statements referenced herein are set forth in substance and in part, rather than verbatim and in full.

## PROBABLE CAUSE

7. In July 2018, a reliable confidential informant ("CI") advised an HSI Task Force Officer ("TFO") that an individual identified as "Pap," who resided in the Hagerstown area, was responsible for the distribution of large amounts of cocaine in Washington County, Maryland. The CI stated that "Pap" traveled to the New York area to purchase cocaine and that he would return to the Washington County area to further distribute it. The CI also provided a telephone number utilized by "Pap" to operate his drug distribution enterprise.

8. In November 2018, an HSI TFO was contacted by an anonymous source—someone other than the above-identified CI—who indicated that an individual named "Pap" was distributing

large amounts of cocaine throughout Washington County. The anonymous source advised that "Pap" was residing at 520 Lynnehaven Drive, Apartment 18, Hagerstown, Maryland 21742. The phone number that the anonymous source gave for "Pap" was also the same number that the CI had provided for "Pap."

9. Investigators later contacted the company responsible for leasing 520 Lynnehaven Drive, Apartment 18. The company provided investigators with a copy of the lease contract, which reflected that Apartment 18 was leased to an individual named Kevia PRICE. Further investigation of PRICE revealed that, on June 24, 2016, she was convicted in Queens County, New York, of possession of a controlled substance with intent to sell, and sentenced to 2 years' incarceration, and 3 years of supervised release, which she began serving on March 28, 2018.

10. Further investigation also revealed that "Pap" was an individual named Eric Arnette Smith. On February 1, 2012, Smith was convicted in the Circuit Court of Maryland for Frederick County of possession with intent to distribute narcotics, and sentenced to 30 years' incarceration. Smith was subsequently released on parole on March 20, 2018.

11. On November 7, 2018, Judge Julia Martz Fisher of the Circuit Court of Maryland for Frederick County issued an order authorizing (1) a pen register for the cell phone number reported as being associated with Smith, and (2) the collection of prospective cell-site location information for Smith's phone.

12. The subsequent collection of this data by law enforcement indicated that, approximately every two weeks, Smith was traveling to New York City, where he would remain for approximately 3 or 4 days, before returning to 520 Lynnehaven Drive in Hagerstown.

13. On December 13, 2018, law enforcement contacted the company that leased apartment units at 520 Lynnehaven Drive and obtained permission to conduct a canine scan of the

interior hallway of the building. On December 16, 2018, officers deployed a canine on the second floor of 520 Lynnehaven Drive. Outside the doorway of Apartment 18, the canine gave a positive alert, indicating that it detected the odor of a controlled substance.

14. On December 17, 2018, Judge Eric Shaffer of the District Court of Maryland for Frederick County authorized a search warrant for Apartment 18.

15. On December 18, 2018, law enforcement was monitoring the location of Smith's phone when it appeared the phone was leaving the New York City area. Law enforcement tracked the phone as it appeared to travel south down Interstate 81 to Hagerstown, Maryland. Law enforcement subsequently responded to the area of 520 Lynnehaven Drive and observed Smith and PRICE exit a blue Nissan bearing Virginia license plate UWT7372, which investigators later determined was a vehicle that had been rented from Enterprise to an individual named Kaprice Vaughan-Smith, of 20243 Capital Lane, Hagerstown, Maryland 21742.

16. On December 19, 2018, law enforcement executed the aforementioned search warrant. Upon making entry into Apartment 18, officers located Smith and PRICE in a bedroom inside the residence. Smith and PRICE were quickly separated and not permitted to converse privately during officers' execution of the search warrant.

17. Inside the bedroom, officers eventually began searching a closet that contained both men's and women's clothing. Inside the closet, officers located a locked safe. Soon thereafter, officers located the safe's keys, which were lying on a nightstand next to a cell phone later identified as Smith's. Using the keys, officers opened the safe, and found 2 bags of suspected crack cocaine lying on top of a black plastic bag. Inside the black plastic bag, officers found 4 separate bags, each of which contained a large amount of suspected cocaine powder. Inside the safe, officers also found a stack of six folded $100 bills, amounting to $600 in U.S. currency.

18. In total, officers recovered 702 grams of suspected cocaine and 107 grams of suspected crack cocaine inside the safe. The narcotics were field tested, and the field test confirmed the presence of cocaine. Given the amount of narcotics, as well as the way in which they were packaged, I believe—based on my knowledge, training, and experience—that the substances were packaged for further distribution. Officers also located in the above-described nightstand a small digital scale with cocaine residue on its surface, further manifesting intended distribution.

19. The safe was swabbed for the presence of deoxyribonucleic acid ("DNA")—as were the bags containing the suspected narcotics. Those swabs were then submitted to the Maryland State Police ("MSP") Forensic Crime Lab, which confirmed that the swabs contained DNA that was suitable for comparison purposes. Accordingly, the requested search warrant would permit law enforcement to obtain a sample of DNA from PRICE to compare that sample with the DNA recovered from the safe and bags of narcotics.

20. After the controlled substances had been recovered, Smith was Mirandized, waived his rights, and agreed to be interviewed. During the interview, for which Smith was separated from PRICE, Smith stated that the cocaine found in the safe belonged to PRICE, and that PRICE herself would state as much.

21. PRICE was then Mirandized, waived her rights, and agreed to be interviewed separately as well. During the interview, PRICE stated that the cocaine belonged to her, and that Smith did not know anything about it.

22. Elsewhere in the bedroom, officers located a New York City parking ticket dated December 18, 2018, that was issued to a blue Nissan bearing Virginia license plate UWT7372.

Officers also located a one-way ticket dated December 13, 2018, from Baltimore, Maryland, to New York City, and issued by Peter Pan Bus Lines to PRICE.

23. On April 11, 2019, a federal grand jury for the District of Maryland charged Smith and PRICE with conspiracy to distribute and to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). See Crim. No. RDB-18-0185. On May 14, 2019, PRICE made her initial appearance before U.S. Magistrate Judge J. Mark Coulson, and consented to federal detention pending trial.[1]

## CONCLUSION

24. Based on the facts set forth above, I submit there is probable cause to believe that Kevia Charisse PRICE has violated 21 U.S.C. § 841 (possession with intent to distribute a controlled substance), and that evidence of this offense will be found in the **Target Location**. Thus, I respectfully request that the Court issue the proposed warrant to search the **Target Location** described in Attachment A, for the items listed in Attachment B.

Respectfully submitted,

E. Clay Townshend, Special Agent
Homeland Security Investigations

Subscribed and sworn to before me this 17 day of May, 2019.

HONORABLE J. MARK COULSON
UNITED STATES MAGISTRATE JUDGE

---

[1] As of May 16, 2019, Smith was being held at the Washington County Adult Detention Center in connection with related charges filed in the Circuit Court of Maryland for Washington County.